UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNITED STATES OF AMERICA,

         Plaintiff,                        Case No. 07-20607
vs.                               HON. LAWRENCE ZATKOFF

CORDELL SAIN,

         Defendant.

_____ /


**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on November 10, 2008

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE


**I.  INTRODUCTION**

On this date, this Court held the sentencing hearing for Defendant Cordell Sain.  For the reasons set forth below, this Court sentences Defendant to a term of imprisonment of 60 months on Count I and 108 months on Count II, to be served concurrently, and 60 months on Count III, to be served consecutively to the sentences in Counts I and II.  That term of imprisonment is to be followed by a 5 year period of supervised release.  In addition, a special assessment of $300.00 is ordered pursuant to statute.

## II. OPINION

**A.      Required Considerations Under 18 U.S.C. §3553(a)**

In determining the appropriate sentence for the Defendant, the Court must consider, and the

Court has considered, the following provisions of 18 U.S.C. §3553(a):

(1)      the nature and circumstances of the offense and the history
and characteristics of the Defendant;

(2)      the need for the sentence to: (a) reflect the seriousness of the
offense, promote respect for the law, and provide just
punishment for the offense; (b) afford adequate deterrence to
criminal conduct; (c) protect the public from future crimes of
the Defendant; and (d) provide the Defendant with needed
educational or vocational training, medical care or other
correctional treatment, in the most effective manner;

(3)      the kinds of sentences available;

(4)      the kinds of sentences and the applicable sentencing range
pursuant to the Sentencing Guidelines;

(5)      the policy statements issued by the Sentencing Commission
pursuant to 28 U.S.C. § 994(a)(2) currently in effect and
pertinent to the Defendant's conduct, including any
amendments thereto by act of Congress or incorporation into
the Sentencing Guidelines by the Sentencing Commission;

(6)      the need to avoid unwarranted sentence disparities among
defendants with similar records who have been guilty of
similar conduct; and

(7)      the need to provide restitution to the victims of the offenses
pursuant to which the Defendant is being sentenced.

**B.      Guideline Range**

In light of the U.S. Supreme Court's decision in *United States v. Booker*, 543 U.S. 220

(2005), the Sentencing Guidelines are now advisory rather than mandatory, but a sentencing court

must consider the applicable sentencing range pursuant to the Guidelines in determining the

appropriate sentence for a defendant. Under the Guidelines, Defendant's Total Offense Level is 23 and he has a Criminal History Category of III. As such, the applicable sentencing range for the Defendant under the Guidelines is 57 to 71 months for each of Counts I and II, as well as a mandatory term of 60 months for Count III that must be served consecutively to the sentences for Counts I and II. Therefore, Defendant's advisory Guideline range is 117 - 131 months.

For the reasons that follow, the Court concludes that the applicable range of imprisonment set forth in the advisory Guidelines is not appropriate for the offenses committed by the Defendant in this case because such a term of imprisonment would not be sufficient to accomplish the objectives of the remaining factors of Section 3553(a).

## C.     Reasoning

In imposing a term of imprisonment that is greater than the maximum term under the Guidelines, the Court took into account the many factors under Section 3553(a). First, the Court presided over the trial and all of the proceedings in this matter and observed the actions of all parties involved. In doing so, the Court noted, among other things, the behavior of Defendant in court.

Second, Defendant's history and characteristics are far worse than even his poor record exhibit. Defendant has exercised and exhibited a clear pattern of disrespect for the law his entire adult life. For example, prior to this case, Defendant had five prior felony arrests that resulted in convictions. At age 17, Defendant was convicted of a Weapons Violation and received a sentence of two years probation (which he violated and then received 30 days in custody). At age 20, Defendant was convicted of Aggravated Assault and received a sentence of 60 days in custody and one year of probation (he violated that probation and another 100 days custody were imposed). At age 22, Defendant was convicted of Assault and Battery and Aggravated Assault, for which he

received a sentence of two years probation (which he violated and probation was continued). At age 25, Defendant was convicted of Delivery/Manufacturing Less than 50 Grams Cocaine, for which he was put on lifetime probation (which he violated and probation was continued). While he was still 25, Defendant was convicted of Assault with Intent to do Great Bodily Harm and a sentence of 1 year imprisonment was imposed. Defendant also was convicted at age 27 of Operating Under the Influence of Liquor and received 1 year probation.

In addition, at the time Defendant committed the instant crime and was arrested in this case, he was on bond for other criminal activity which resulted in Defendant being charged in the Eastern District of Michigan with (1) Conspiracy to Possess with Intent to Distribute Marijuana, and (2) Possession with Intent to Distribute Marijuana and Aiding and Abetting. Those charges remain pending and a trial in that case is scheduled for January 2009. Defendant also has eight children (age 5-18) with five women and has no formal child support arrangement in place with respect to any of them.

Finally, Defendant presently is subject to four outstanding warrants issued in December 2007 (all were issued while he was in custody for the charges for which he was convicted in this case). Third, as noted above, Defendant received probation as all or part of his sentence on five separate occasions. In four of those cases, he failed to exhibit behavior that was any more responsible while on probation than he did prior to his conviction. Rather, on those four occasions, Defendant violated the terms of his probation. Twice, he received a sentence of incarceration for his probation violation (for which he served essentially the minimal time), and his probation was continued in the other two cases. Obviously, the penalties imposed on Defendant (including incarceration for violating probation) have not served as an adequate deterrent to continued

4

transgressions of the law by Defendant. The Court therefore finds that a significant sentence (*i.e.*, one above the Guideline range) is necessary to communicate the seriousness of his actions and the consequences that must result from them.

Fourth, Defendant apparently believes that the potential benefits to his criminal activity outweigh the risk to him of engaging in such conduct. None of the previous convictions or sentences have deterred Defendant from resuming a life of crime. Therefore, the Court finds that sentencing this Defendant to a limited prison term *(i.e.*, one within the Guideline range) will not provide adequate deterrence to future criminal conduct for this Defendant.

Fifth, imprisoning this Defendant for a limited period of time will not adequately protect the public from future crimes of the Defendant. As discussed previously, Defendant has been a criminal throughout his adult life. Moreover, his crimes are not crimes committed in a vacuum or without victims. Although not all victims are easily identifiable or traceable to Defendant, the drug trafficking crime for which Defendant has been convicted is the source of many levels of victims. In addition, many of his arrests stem from criminal acts imposed on victims with whom Defendant has had a relationship, *i.e.*, there are numerous identifiable victims of Defendant's criminal activity. For these reasons, the Court finds that a sentence beyond the advisory Guideline range is necessary to protect the public and that such a sentence would do so in two ways: (a) while incarcerated, Defendant will not have the same capacity to prey upon others or subject them to his criminal acts, and (b) during an extended period of imprisonment, Defendant will have opportunities to obtain educational and/or vocational training, as well as receive correctional treatment, in an effective manner, thereby increasing the chances Defendant will have to lead a productive, law-abiding life upon his release.

Again, and for the foregoing reasons, the Court finds that a sentence within the advisory Guideline range of 117 to 131 months would not promote Defendant's respect for the law, reflect the seriousness of the offenses for which Defendant was convicted, deter Defendant from future criminal activity or protect the public from future crimes of the Defendant. Moreover, for the same reasons, the Court finds that a term of imprisonment of 168 months for this Defendant is a sentence which is sufficient, but not greater than necessary, to accomplish the goals of sentencing, as set forth in Section 3553(a).

### III. CONCLUSION

Accordingly, and as set forth above, it is HEREBY ORDERED that the Defendant is sentenced to a term of imprisonment of 60 months on Count I and 108 months on Count II, to be served concurrently, and 60 months on Count III, to be served consecutive to the sentences in Counts I and II. That term of imprisonment is to be followed by a 5 year period of supervised release. In addition, a special assessment of $300.00 is ordered pursuant to statute.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: November 10, 2008

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on November 10, 2008.

S/Marie E. Verlinde
Case Manager
(810) 984-3290