UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                            Case No. 07-20607
vs.                                       HON. LAWRENCE ZATKOFF

CORDELL SAIN,

       Defendant.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on February 10, 2009

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Defendant's Motion for New Trial for Ineffective Assistance of Counsel Pursuant to Rule 33 or, Alternatively, 28 U.S.C. § 2255. The Government has filed a response. The Court finds that the facts and legal arguments pertinent to Defendant's Motion are adequately presented in the parties' papers, and the decision process will not be aided by oral arguments. Therefore, pursuant to E.D. Mich. Local R. 7.1(e)(2), it is hereby ORDERED that Defendant's Motion be resolved on the briefs submitted, without this Court entertaining oral arguments. For the reasons that follow, Defendant's Motion is DENIED.

**II. BACKGROUND**

On December 5, 2007, the Government filed a three count Indictment against Defendant for (1) Possession with Intent to Distribute Marijuana, (2) Felon in Possession of a Firearm, and (3) Possession of a Firearm in Furtherance of a Drug Trafficking Crime. In June 2008, Defendant was convicted by a jury on all three counts following a two day trial. At trial, the Government called two arresting officers who described the circumstances leading up to Defendant's arrest and the seizure of the drugs and firearm which resulted in the charges brought against Defendant. Defendant's retained counsel, Rowland Short, cross-examined those two witnesses and called two witnesses to testify. The two witnesses called on Defendant's behalf were Defendant's wife and cousin. Defendant did not testify at trial.

On October 7, 2008, the date set for Defendant's sentencing, the Court granted Defendant's oral motion to terminate Mr. Short's representation of Defendant. At that hearing, the Court ordered that new counsel be appointed to represent Defendant. In granting the motion to terminate Mr. Short and ordering the appointment of new counsel, however, the Court expressly informed Defendant that such new counsel would be appointed solely for the purpose of sentencing. On November 6, 2008, Defendant filed the instant motion through his sentencing counsel. On November 10, 2008, the Court sentenced Defendant to 168 months custody. Defendant filed a notice of appeal shortly thereafter.

### III.  ANALYSIS

**A.     Rule 33**

Fed.R.Crim.P. 33(a) provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Rule 33(b) provides that any

motion grounded on a reason other than newly discovered evidence must be filed within seven days after the verdict finding defendant guilty. In the instant case, Defendant did not file his motion until five months after he was found guilty. Even if the Court were to excuse the first four months following the guilty verdict (because Defendant's trial counsel is unlikely to file a motion for new trial based on his own alleged ineffective assistance of counsel), the motion for new trial was not filed until a month after Defendant's trial counsel was terminated and his sentencing counsel was appointed. Accordingly, the Court finds that the motion for a new trial pursuant to Rule 33 was not timely filed. Further, in reviewing the case file, the Court finds that there are no exceptional circumstances which would justify contravening Rule 33 and analyzing Defendant's motion at this time.

Finally, the Court also notes the Supreme Court has found that claims for ineffective assistance of counsel are best addressed in collateral proceedings. *See Massaro v. United States*, 538 U.S. 500, 504 (2003) ("The better-reasoned approach is to permit ineffective-assistance claims to be brought in the first instance in a timely motion in the district court under § 2255."). For the reasons espoused by the Supreme Court in *Massaro*, the Court concludes that Defendant's claim of ineffective assistance of counsel likewise would be best addressed in a collateral proceeding.

Accordingly, for the reasons set forth above, the Court denies Defendant's Motion for a New Trial pursuant to Fed.R.Crim.P. 33.

**B.      28 U.S.C. § 2255**

Absent extraordinary circumstances, a defendant/petitioner may not have a § 2255 motion considered by the district court while there is a direct appeal of his case pending. *Capaldi v. Pontesso*, 135 F.3d 1122, 1124 (6th Cir. 1998). In this case, Defendant filed a notice of appeal

3

immediately after he was sentenced and that appeal remains pending. As Defendant has demonstrated no extraordinary circumstances to the Court why his § 2255 motion should be heard during the pendency of his direct appeal, the Court concludes that Defendant's § 2255 motion shall not be considered at this time. Accordingly, Defendant's Motion for a New Trial pursuant to 28 U.S.C. § 2255 is denied without prejudice.

### IV. CONCLUSION

Accordingly, and as set forth above, IT IS HEREBY ORDERED that Defendant's Motion for a New Trial pursuant to Fed.R.Crim.P. 33 is DENIED and Defendant's Motion for a New Trial pursuant to 28 U.S.C. § 2255 is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: February 10, 2009

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on February 10, 2009.

s/Marie E. Verlinde
Case Manager
(810) 984-3290